JOHN CALHOUN, plaintiff in error, v. ERASTUS WRIGHT, School Commissioner, &c., defendant in error.

*Error to Sangamon.*

A simple denial, in a replication, of the facts stated in a plea, cannot be objected to on the ground of duplicity.

A plea to an action of debt, on a promissory note, that the defendant paid the amount of the note, and the plaintiff afterwards executed a release of the same debt to the defendant, is bad, on special demurrer, for duplicity.

A plea that contains two full and complete defences is double, and upon special demurrer, will be adjudged bad.

THIS cause was heard in the Court below, at the March term, 1841, before the Hon. Samuel H. Treat. Judgment was rendered for the plaintiff, for $680 debt, and $74.80 damages. The cause was brought to this Court by writ of error.

S. STRONG, for the plaintiff in error.

JAMES SHIELDS and J. C. CONKLING, for the defendant in error.

SCATES, Justice, delivered the opinion of the Court:

This was an action of *debt*, on two promissory notes given by the plaintiff to the defendant, as school commissioner, one for $880, the other for $200.

The declaration contained three counts : the first counted upon the note for $880 ; the second upon the note for $200, and the third counted for interest, at the rate of twenty per cent., on default of paying said money when due.

The defendant pleaded five several pleas to the declaration. The defendant's first plea is, that " said Erastus Wright was not, at the time of the giving and executing said several bonds or obligations, in said declaration mentioned, school commissioner," &c. To which the plaintiff replied, by way of estopple, that the said two promissory notes of defendant were executed to the plaintiff as " school commissioner and agent for the inhabitants of the county of Sangamon."

The defendant demurred generally to this plea, and specially for cause shows that said plea is double, in this, that " it sets forth by way of estopple, two separate bonds or obligations;" which demurrer was overruled by the Court.

The defendant, for further plea, says, that the two notes were given for money loaned him by the plaintiff, as school commissioner, which money belonged to the school fund of Sangamon county; and that said plaintiff took no other security therefor than said two notes. To this plea there was a general demurrer, which was sustained.

The defendant, for further plea to the first count in the declaration, says, that when the note became due, he paid the sum of $800, and the interest due thereon, and also one sorrel horse, which the plaintiff accepted in full satisfaction of the balance due on said note. To this plea there was a general replication, to which the defendant demurred specially, because it was double; which said demurrer the Court disallowed.

The defendant, for further plea to the first count, says, that when said note became due, he paid thereon the sum of $1,000, and that afterwards, the plaintiff, by his certain writing, under his seal, released the said debt to the defendant. To this plea the plaintiff demurred specially, for duplicity, and the demurrer was sustained by the Court.

The defendant pleaded a similar plea of payment of $250, and a release under seal to the second count; to which the plaintiff demurred specially, for duplicity, and the demurrer was sustained by the Court. Judgment was thereupon rendered for the sum of $754.80, the balance of debt and interest.

The defendant sued out a writ of error, and assigns for error,

*First.* The Court erred in giving judgment in favor of the plaintiff and against the defendant;

*Second.* The Court erred in overruling the defendant's demurrer to the replication of the plaintiff, to his third plea;

*Third.* The Court erred in sustaining the plaintiff's demurrer to the defendant's fourth plea; and,

*Fourth.* That the Court erred in sustaining the plaintiff's demurrer to the defendant's fifth plea.

The third count seems to be abandoned by agreement. The first error assigned is a general one, and will be disposed of in considering the others.

The second error assigned questions the decision of the Court in overruling the demurrer to the replication to the third plea. There had been a demurrer allowed to this replication, and it was, upon leave, amended, and by the amendment was made a simple denial of the facts in the plea, and cannot therefore be bad, if the plea be good, a fault which the plaintiff cannot assign as error.

The third error assigned is, the decision of the Court in sustaining the demurrer to the fourth plea. This is a plea to the first count, which is for $880. The plea sets up a payment of $1,000, which is a full bar to the cause of action set up in that count; but it also sets up in bar of the same cause of action, a release, under the hand and seal of the plaintiff below. Either of these would be a full bar to the cause of action set up in that count.

The Court is of opinion that the plea is double, and therefore bad on special demurrer. (1)

The last assignment presents precisely the same question. The

(1) 1 Chit. Plead. 456, 457.

plea is bad, for duplicity, in setting up two full and complete defences, to the same cause of action, in the same plea. The demurrers point out specially, for cause of demurrer, that it is double in setting up a payment, and a release. (1)

We are, therefore, of opinion that the judgment be affirmed with costs.

*Judgment affirmed.*